```
                                                    FILED
                                               SALINE COUNTY
                                               CIRCUIT CLERK

                                              2018 MAR 19 PM 1:58

                                              BY: Ott
```

### IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
### 3 DIVISION

JEAN EVANS                                                          PLAINTIFF

vs.                    CASE NO. 63CV-18-392

PETCO ANIMAL SUPPLIES STORES, INC. and
JOHN DOES 1–100                                                     DEFENDANTS

### COMPLAINT

Comes now the Plaintiff, Jean Evans, by and through her attorneys, TAYLOR & TAYLOR LAW FIRM, P.A., and for her Complaint does state:

#### JURISDICTION AND VENUE

1. At all times relevant to this Complaint, Plaintiff was a resident of Bryant, Saline County, Arkansas, and a citizen of the State of Arkansas.

2. Defendant Petco Animal Supplies Stores, Inc. ("Petco") is a California corporation with a registered agent for service of process in Little Rock, Pulaski County, Arkansas.

3. Defendants John Doe 1–50 are the agents or employees of Defendant Petco who created the dangerous condition described herein and/or who failed to warn Plaintiff of the dangerous condition.

4. Defendants John Doe 51–100 are the corporation(s), partnership(s), or other entity(ies) that owned or operated the Petco retail store located at or near 20825 I-30; Benton, Arkansas 72015 at the time relevant to this Complaint.

5. The facts and circumstances giving rise to this Complaint occurred in Benton, Saline County, Arkansas.



6. This Court has subject matter jurisdiction of this matter pursuant to Ark. Code Ann. § 16-13-201(a).

7. This Court has personal jurisdiction of the parties pursuant to Ark. Code Ann. § 16-4-101(B).

8. Venue in this county is proper pursuant to Ark. Code Ann. § 16-60-101(a)(1) (county in which a substantial part of the event or omission giving rise to the cause of action occurred) and Ark. Code Ann. § 16-60-101(a)(3)(A) (county in which the plaintiff resided at the time of the event or omission giving rise to the cause of action).

## FACTS

9. On or about March 20, 2015, Plaintiff was a customer at the Petco retail store located at or near 20825 I-30; Benton, Arkansas 72015 (the "Petco Store").

10. Unbeknownst to Plaintiff, Defendant(s) had created a dangerous condition, and had failed to warn Plaintiff of the dangerous condition.

11. Specifically, Defendant(s) had allowed a metal rod to protrude into the walkway. *See* Exhibit A.

12. Upon information and belief, and based upon representations from Petco's agents or employees, Petco typically has a rolling cart in front of the protruding metal.

13. Upon information and belief, and based upon representations from Petco's agents or employees, Defendant(s) had moved the rolling cart, creating the dangerous condition.

14. Defendants also failed to warn Plaintiff of the dangerous condition.

15. Plaintiff tripped and fell over the protruding metal.

## **CAUSE OF ACTION #1 – NEGLIGENCE**

16. Plaintiff was an invitee upon Defendants' premises.

17. Defendants owed Plaintiff a duty to use ordinary care to maintain the premises in a safe condition.

18. Defendants breached that duty in the following manner:

   A. By causing a piece of metal to protrude into the walkway.

   B. By causing the cart that typically blocks the protruding metal to be moved, creating the dangerous situation.

   C. By not having in place effective systems or procedures to prevent the cart from being moved, creating the dangerous situation.

   D. By failing to warn Plaintiff of the dangerous condition.

   E. By failing to otherwise use ordinary care under the circumstances at the time of the trip and fall.

19. The injuries and damages sustained by Plaintiff, more particularly described below, were produced in a natural and continuous sequence, and were a probable consequence of Defendants' breach of one or more of the above-described independent duties of ordinary care for the safety of Plaintiff.

20. Defendants should have foreseen and anticipated that a breach of one or more of the above-described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiff.

21. If Defendants had not breached one or more of the above-described independent duties to use ordinary care for the safety of Plaintiff, then Plaintiff's injuries and damages would not have occurred.

## **COMPENSATORY DAMAGES SUFFERED BY PLAINTIFF**

22. The injuries and damages sustained by Plaintiff as a result of Defendants' breach of the above duties include, but are not limited to, the following:

- A. Serious bodily injuries to Plaintiff's body, including, but not limited to, Plaintiff's neck, back, and hips;

- B. Medical expenses incurred in the past, and transportation expenses to obtain such medical treatment;

- C. Future medical expenses to be incurred, and transportation expenses to obtain such future medical treatment;

- D. Physical pain and suffering experienced in the past;

- E. Physical pain and suffering to be experienced in the future;

- F. Mental anguish experienced in the past, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limited her activities;

- G. Mental anguish to be experienced in the future, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limits her activities;

- H. Any scars, disfigurement, and visible results of her injury due to "residential limitation of motion;" *Adkins v. Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968);

- I. The reasonable expense of any necessary help in Plaintiff's home in the past, and reasonably certain to be required in the future, as a result of Plaintiff's injuries; and

J.  Permanent bodily injuries that have been suffered, which is a life-changing event causing Plaintiff to lose the ability to enjoy a normal life.

## AMOUNT OF DAMAGES
### (FOR JURISDICTIONAL PURPOSES UNDER ARK. CODE ANN. § 16-63-221)

23. Plaintiff's injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases.

## DEMAND FOR TRIAL BY JURY

24. Plaintiff demands a trial by jury for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

25. Upon completion of discovery, Plaintiff reserves the right to plead further to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays for judgment against Defendants for the damages caused by its negligence as described above, for her costs and attorneys' fees, and for all other relief at law or equity to which she may be entitled.

Respectfully submitted,
JEAN EVANS,
*Plaintiff*

BY: _____
TAYLOR & TAYLOR LAW FIRM, P.A.
Andrew M. Taylor, Ark. Bar No. 2005147
Tasha C. Taylor, Ark. Bar No. 2005148
12921 Cantrell Road, Suite 205
Little Rock, Arkansas 72223
Phone: 501-246-8004
Fax: 501-246-8009
Email: Andy@TaylorLawFirm.com
*Attorneys for Plaintiff*

